**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FTN Financial Capital Markets, a division of First Tennessee Bank National Association, and FTN Financial Securities Corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>Miller Johnson Steichen & Kinnard, Inc.,<br><br>    Defendant.<br><hr>Carolyn Nance,<br><br>    Intervenor,<br><br>vs.<br><br>Miller Johnson Steichen & Kinnard, Inc.,<br><br>    Defendant. | No. CIV 05-1770-PHX-EHC<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Compel Discovery and Request for Sanctions and Attorneys' Fees. [Dkt. 33]. The Motion is fully briefed.

**Background**

This case arises from Plaintiff FTN Financial Capital Markets hiring of Defendant's former employee Intervenor Carolyn Nance, and nine others employed by Defendant, to allegedly establish a business competing with Defendant. Defendant filed an arbitration

claim[1] against First Tennessee National Corporation n/k/a First Horizon National Corporation (the parent company of Plaintiffs), Plaintiff FTN Financial Securities Corp. and Intervenor. Plaintiffs and Intervenor seek a declaration from the Court that Defendant's claims are not arbitrable[2] and a declaration that Defendant's claims are barred by the statute of limitations.

**Discovery Objections related to Determination of Arbitrability**

Defendant has refused to respond to Plaintiffs' First Interrogatories one, three, five through seven and ten through thirteen and Plaintiffs' First Requests for Production one through three and seven through ten. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). With exceptions discussed below, Plaintiffs' discovery requests are relevant to Count Three of Plaintiff's Complaint, alleging that Defendant's claims are barred by the statute of limitations. The discovery requests, therefore, are directed towards relevant matters.

Notwithstanding their relevance, Defendant argues it need not respond to the discovery requests on the ground that those discovery requests are not relevant to determining whether Plaintiffs' claims must be arbitrated. [See dkt. 33, ex. 1 & 2]. Fed. R. Civ. P. 26(c) provides that "[u]pon motion by a party... and for good cause shown, the court... may make any order which justice requires..., including... (4) that certain matters not be inquired into, or that the scope of disclosure or discovery be limited to certain matters." Defendant has not moved for a protective order narrowing the scope of discovery pending the determination of arbitrability. In any event, Defendant has not shown good cause for an order limiting discovery. Whether this Court or an arbitrator determines whether Defendant's claims are barred by the statute of limitations, Defendant will be required to

---

[1] The parties agreed to stay the arbitration pending resolution of this case.

[2] The parties have filed Cross-Motions for Summary Judgment on the arbitrability issue. [Dkts. 37, 46 & 47]. Those Motions are not fully briefed.

1 provide Plaintiff with materials relevant to the statute of limitations issue. Narrowing
2 discovery would further delay resolution of this case.

3 **Other Objections**

4 Defendant objects to certain of Plaintiffs' discovery requests concerning when
5 Defendant learned of the conduct of the nine former employees of Defendant. The conduct
6 of those employees is not relevant to determining whether Defendant's claims against
7 Plaintiffs and Intervenor are arbitrable or barred by the statute of limitations, which are the
8 only issues before the Court. Defendant will not be required to respond to interrogatories
9 one and thirteen and document requests one and ten as they regard the nine former
10 employees.

11 Defendant objects that document request seven calls for irrelevant material. That
12 request calls for production of documents "which relate to the proposals made by Carolyn
13 Nance." [Dkt. 41, p. 6]. Plaintiff argues those documents describe Intervenor's departure
14 from Defendant's employ, which is relevant to Defendant's claims in the arbitration. The
15 details of Intervenor's departure, however, are not relevant to whether Defendant's claims
16 are arbitrable or time barred, the issues before the Court. Defendant will not be required to
17 respond to document request seven.

18 Defendant objects that interrogatories one and thirteen and document requests one,
19 eight, nine and ten call for material protected by either the attorney-client privilege or the
20 work-product doctrine. Defendant must respond to the discovery requests to the extent
21 that they request non-privileged information. Defendants are not required to disclose
22 privileged information. If Defendant withholds documents based on privilege, Defendant
23 must provide Plaintiffs a privilege log identifying the nature of the withheld document and
24 the basis for its withholding.

25 **Sanctions**

26 The Court finds substantial justification for Defendant's objections and will not
27 impose sanctions. See Fed. R. Civ. P. 37(a)(4)(A).

28

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Discovery and Request for Sanctions and Attorneys' Fees [dkt. 33] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant shall answer Plaintiffs' First Interrogatories three, five through seven and ten through twelve; Defendant shall answer Plaintiffs' First Interrogatories one and thirteen as they regard Intervenor.

**IT IS FURTHER ORDERED** that Defendant shall produce the documents requested in Plaintiffs' First Requests for Production two, three, eight and nine; Defendant shall produce the documents requested in Plaintiffs' First Requests for Production one and ten as they regard Intervenor.

**IT IS FURTHER ORDERED** that Defendant is not required to disclose those materials protected by either the attorney-client privilege or the work-product doctrine and requested in Plaintiffs' First Interrogatories one and thirteen and Plaintiff's First Request for Production one, eight, nine and ten. If Defendant withholds documents based on privilege, Defendant must provide Plaintiffs a privilege log identifying the nature of the withheld document and the basis for its withholding.

DATED this 1st day of May, 2006.

_____
Earl H. Carroll
United States District Judge